UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL WISEMAN                    )
                               )
        v.                     )    C.A. No. 07-11539-MLW
                               )
UNITED STATES OF AMERICA       )


<u>MEMORANDUM AND ORDER</u>


WOLF, D.J.                                    September 20, 2010

I. INTRODUCTION

        In 1986, defendant Paul Wiseman, also known as McCurtis
Mitchell, was convicted of conspiracy to possess heroin with intent
to distribute and possession of heroin with intent to distribute.
He has filed a Motion to Vacate, Set Aside, or Correct Sentence
under 28 U.S.C. §2255 (the "§2255 Motion").   For the reasons
described in this Memorandum and Order, the §2255 Motion is being
dismissed.

II.  PROCEDURAL HISTORY

        On December 19, 1985, defendant was charged with Conspiracy to
Possess Heroin with Intent to Distribute in violation of 21 U.S.C.
§846 (Count One) and Possession of Heroin with Intent to Distribute
in violation of 21 U.S.C. §841(a)(1) (Counts Four and Five).   He
was convicted of all three charges and sentenced to:

> Six years imprisonment on each count one, four and five
> to run concurrent with each other.   Three year Special
> Parole Term on counts four and five. $50.00 Special
> Assessment on each count for a total of $150.00.

Sept. 2, 1986 Judgment.  His conviction was affirmed by the United States Court of Appeals for the First Circuit on March 27, 1987. See United States v. Wiseman, 814 F.2d 826 (1987).  Defendant did not file a petition for a writ of certiorari with the Supreme Court.  His conviction thus became final 90 days after the date of the judgment of the First Circuit, when the time to seek a petition for a writ of certiorari expired.  See Derman v. United States, 298 F.3d 34, 42 (1st Cir. 2002).

On August 17, 2007, defendant filed the §2255 Motion.  The government requests that the §2255 Motion be dismissed.

III. DISCUSSION

A.  Legal Standard for Dismissal

The court may dismiss a §2255 motion when "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" David v. United States, 134 F.3d 470, 477 (1st Cir. 1998)(quoting United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993)).  A §2255 motion that is untimely under the terms of 28 U.S.C. §2255(f) does not entitle the moving party to relief.  See Barreto-Barreto v. United States, 551 F.3d 95, 99 (1st Cir. 2008). §2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from

the latest of -

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where these triggering events occurred prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a defendant is entitled to a one-year grace period such that the limitations period expires on April 24, 1997. See Rogers v. United States, 180 F.3d 349, 355 & n.12 (1st Cir. 1999).

    B.  Analysis

    Defendant alleges that his Special Parole Term is unlawful because it was imposed pursuant to 21 U.S.C. §846, which does not authorize imposition of a special parole term. See Bifulco v. United States, 447 U.S. 381, 400 (1980). In a related claim, defendant claims his attorney was constitutionally ineffective for failing to object to the imposition of a Special Parole Term under 21 U.S.C. §846. These claims are untimely. See 28 U.S.C.

3

§2255(f).

As previously stated, defendant's conviction became final in 1987.  See §2255(f)(1).  The conditions described in §2255(f)(2)-(3) are not present, because defendant does not allege any impediment created by the government and does not rely on any right recently recognized by the Supreme Court.  Because the sentence was communicated to defendant at the sentencing hearing, see Sept. 2, 1986 Tr. at 33, and because defendant was present when his attorney failed to object to the Special Parole Term, defendant knew or could have discovered the relevant facts at the time of sentencing. See §2255(f)(4).  Defendant's allegation that he only recently recognized the legal significance of those facts is irrelevant. See Barreto-Barreto, 551 F.3d at 99 n.4; United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005).  Thus, under the provisions §2255(f), these causes of action accrued long before AEDPA's April 24, 1996 effective date.[1]

Because these causes of action accrued before AEDPA's effective date, the limitations period for each necessarily expired on April 24, 1997, upon the conclusion of the one-year grace period established for pre-AEDPA claims.  See Rogers, 180 F.3d at 355 & n.12.  Because the §2255 Motion was not filed until roughly ten

---

[1]The First Circuit has declined to resolve whether equitable tolling is available to defendants seeking relief under §2255. See Barreto-Barreto, 551 F.3d at 101.  Defendant has not alleged any extraordinary circumstances beyond his control that could justify equitable tolling in any event.  See id.

4

years later, these claims are untimely and do not entitle defendant to relief.  See id. at 354-55.  The §2255 Motion is, therefore, being dismissed.[2]

C.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the applicant."  Determining whether a COA should issue where the petition was dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional

---

[2]The government also argues that the §2255 Motion is second or successive under 28 U.S.C. §2255(h).  The docket in this case does not reflect that defendant has previously filed a §2255 motion.  It appears the motion referred to by the government was filed by the defendant in a different federal criminal case initiated in 1994 in the Middle District of Georgia.  The §2255 Motion is not, therefore, second or successive, as it attacks defendant's 1986 sentence, which arises out of a different federal judgment than that challenged by the prior §2255 motion.  See Sustache-Rivera v. United States, 221 F.3d 8, 13 (1st Cir. 2000)(stating a second §2255 motion that attacks a different criminal judgment is not "second or successive" within the meaning of §2255).
Additionally, the government argues that defendant's claims are procedurally defaulted and fail on the merits.  Because the §2255 Motion is untimely, the court need not reach these arguments.

claim is also colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). Therefore, a COA will not issue if either question is answered in the negative. See Slack, 529 U.S. at 485.

To meet both requirements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting AEDPA "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

A certificate of appealability is being denied solely based on the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. For the reasons stated above, defendant's claims accrued prior to AEDPA's effective date. The §2255 Motion was filed ten years after the conclusion of the grace period adopted for such claims. Thus, no reasonable jurist would find it debatable that these claims are time-barred by the relevant limitations period.

Because the court has denied a COA, defendant may seek a COA from the court of appeals. <u>See</u> §2255 Rule 11(a).

IV.   ORDER

Accordingly, it is hereby ORDERED that:

1.   Defendant's Motion Under 28 U.S.C. §2255 (Docket No. 1) is DISMISSED.

2.   A certificate of appealability is DENIED.


                     <u>/s/ Mark L. Wolf</u>
                    UNITED STATES DISTRICT JUDGE